UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF IDAHO

| | |
|---|---|
| ERIC PEARSON,<br><br>Plaintiff,<br><br>v.<br><br>TOM HERSH,<br><br>Defendant. | Case No. 4:26-cv-00077-AKB<br><br>**INITIAL REVIEW ORDER BY SCREENING JUDGE** |

## I. INTRODUCTION

Pending before the Court are the In Forma Pauperis Application (Dkt. 1) and Complaint (Dkt. 2) filed by Plaintiff Eric Pearson, appearing pro se in this matter. Pursuant to 28 U.S.C. § 1915, the Court reviews Pearson's request to determine whether he is entitled to proceed in forma pauperis, which permits civil litigants to proceed without prepayment of the filing fee or to pay the filing fee over time. *Rice v. City of Boise City*, No. 1:13-CV-00441-CWD, 2013 WL 6385657, at *1 (D. Idaho Dec. 6, 2013). The Court also undertakes an initial review of the Complaint to ensure it meets the minimum required standards. *See* 28 U.S.C. § 1915(e)(2)(B).

## II. APPLICATION TO PROCEED IN FORMA PAUPERIS

Any party instituting a civil action in a federal district court is required to pay a filing fee. 28 U.S.C. § 1914. On application, however, a party may proceed in forma pauperis. 28 U.S.C. § 1915. "[A]ny court of the United States may authorize the commencement, prosecution or defense of any suit, action or proceeding, civil or criminal . . . without prepayment of fees or security therefor." 28 U.S.C. § 1915(a)(1). To qualify for in forma pauperis status, a plaintiff must submit an affidavit that includes a statement of all assets the plaintiff possesses and that

indicates the plaintiff is unable to pay the fee required. The affidavit is sufficient if it states the plaintiff, because of poverty, cannot "pay or give security for the costs" and still be able to provide for the plaintiff and dependents the "necessities of life." *Adkins v. E.I. DuPont de Nemours & Co.*, 335 U.S. 331, 339 (1948). The affidavit must "state the facts as to affiant's poverty with some particularity, definiteness and certainty." *United States v. McQuade*, 647 F.2d 938, 940 (9th Cir. 1981) (internal quotation marks omitted).

Though a litigant need not be destitute to proceed in forma pauperis, "even-handed care must be employed to assure that federal funds are not squandered to underwrite, at public expense . . . the remonstrances of a suitor who is financially able, in whole or in material part, to pull his own oar." *Esquer v. Educ. Mgmt. Corp.*, 2017 WL 11453700, at *1 (S.D. Cal. June 26, 2017) (quoting *Temple v. Ellerthorpe*, 586 F. Supp. 848, 850 (D.R.I. 1984)).

Pearson reports total current income of $360 per month from unemployment benefits (Dkt. 1 at 2). He lists monthly expenses of $717, consisting of $450 for housing, $127 for utilities, $50 for food, and $90 for transportation (*id.* at 4). He also identifies a twelve-year-old son who relies on him for support and states that he is surviving on approximately $90 per week in unemployment benefits (*id.* at 5).

Pearson identifies a 1999 Chevrolet Tahoe but does not assign it a value; he leaves the cash and financial-account fields blank (*id.* at 3). The application also lists $22,000 and $10,000 in the 'gross monthly pay' column for two former employers, although he reports no current employment income (*id.* at 2). The entries do not clarify whether those figures describe prior monthly wages or total earnings, and the application does not establish that either amount remains available to him. On the sworn statement of his current income, ordinary expenses, and

dependent, the Court finds Pearson cannot prepay the filing fee without foregoing necessities of life. The Court therefore grants his application to proceed in forma pauperis (Dkt. 1).

## III. THE SUFFICIENCY OF THE COMPLAINT

The Court is required to screen complaints brought by litigants seeking in forma pauperis status. *See* 28 U.S.C. § 1915(e)(2). The Court must dismiss a plaintiff's complaint, or any portion thereof, if it: (1) is frivolous or malicious; (2) fails to state a claim upon which relief can be granted; or (3) seeks monetary relief from a defendant who is immune from such relief. *See* 28 U.S.C. § 1915(e)(2)(B). To state a claim upon which relief can be granted, a complaint must include facts sufficient to show a plausible claim for relief. *Ashcroft v. Iqbal*, 556 U.S. 662, 677-78 (2009).

During this initial review, courts generally construe pro se pleadings liberally, giving pro se plaintiffs the benefit of any doubt. *Resnick v. Hayes*, 213 F.3d 443, 447 (9th Cir. 2000). Even so, plaintiffs, pro se or not, have the burden of articulating their claims clearly and alleging facts sufficient to support review of each claim. *Pena v. Gardner*, 976 F.2d 469, 471 (9th Cir. 1992). If amending the complaint would remedy the deficiencies, plaintiffs should be notified and provided an opportunity to amend. *Jackson v. Carey*, 353 F.3d 750, 758 (9th Cir. 2003).

Pearson filed a form complaint for employment discrimination naming Tom Hersh as the sole defendant and identifying Dixie's Diner in Idaho Falls as his place of employment (Dkt. 2 at 1-3). He invokes Title VII of the Civil Rights Act of 1964 and checks the boxes for discrimination based on race and color (*id.* at 3-4). Under "other acts," he refers to daily race-related comments, including a racial slur, and identifies January 22, 2025, as the date of the alleged discrimination (*id.* at 4). He does not check a box identifying a specific adverse employment action, and the separate factual narrative and request for relief are blank (*id.* at 4-6).

Construed liberally, the complaint appears to attempt a racially hostile-work-environment claim. Title VII prohibits workplace harassment based on race when the conduct is sufficiently severe or pervasive to alter the conditions of employment and create an abusive working environment. *Meritor Sav. Bank, FSB v. Vinson*, 477 U.S. 57, 66-67 (1986); *McGinest v. GTE Serv. Corp.*, 360 F.3d 1103, 1112-13 (9th Cir. 2004). But the complaint does not identify who allegedly made the racist remarks or the circumstances of the alleged conduct. Although he suggests the comments occurred daily, he does not plead enough facts to explain how the conduct affected his work environment or why it is attributable to a covered employer. The Court cannot infer those missing facts merely from the checked boxes and fragmentary description.

The defendant is also uncertain. Title VII ordinarily does not impose individual liability on supervisors or other employees merely because of their positions. *Miller v. Maxwell's Int'l Inc.*, 991 F.2d 583, 587-88 (9th Cir. 1993). The attached EEOC notice identifies the respondent as Dixie's Diner and Hersh as its "Owner/Manager" (Dkt. 2 at 7). Pearson, however, sues Hersh alone, and identifies him as his "boss." He does not allege whether Hersh personally operated the diner as a sole proprietor, whether another person or legal entity employed Pearson, or facts establishing that Hersh, individually, is an employer covered by Title VII. *See* 42 U.S.C. § 2000e(b) (generally requiring fifteen or more employees); *Arbaugh v. Y & H Corp.*, 546 U.S. 500, 515-16 (2006) (explaining that Title VII's employee-numerosity requirement concerns the merits, not subject-matter jurisdiction). The fact that Hersh is described as an owner or manager does not, without more, establish either personal liability as a supervisor or liability as Pearson's employer.

Accordingly, the complaint fails to state a claim upon which relief can be granted. *See* 28 U.S.C. § 1915(e)(2)(B)(ii). Nevertheless, the defects may be curable by amendment. *See Lopez v.*

*Smith*, 203 F.3d 1122, 1131 (9th Cir. 2000) (en banc), *overruled on other grounds by Peralta v. Dillard*, 744 F.3d 1076 (9th Cir. 2014) (en banc). Pearson will be permitted to file an amended complaint identifying his actual employer (and, if he continues to name Hersh, the basis for treating Hersh as that employer); explaining the employment relationship, the alleged discriminatory statements and circumstances, and their connection to race or color; stating facts supporting an actionable claim against the employer; and specifying the relief sought. To the extent known, Pearson should also allege facts showing that the employer is covered by Title VII. Any amended complaint must be complete in itself.

## IV. CONCLUSION

For the reasons stated above, the Court grants Pearson's request to proceed in forma pauperis but concludes that his Complaint does not presently state a plausible claim under Title VII. Rather than dismissing the action with prejudice, the Court will dismiss the Complaint without prejudice and allow Pearson an opportunity to amend.

## V. ORDER

**IT IS ORDERED** that:

1. Plaintiff Eric Pearson's Application to Proceed In Forma Pauperis (Dkt. 1) is **GRANTED**.

2. Plaintiff's Complaint (Dkt. 2) is **DISMISSED WITHOUT PREJUDICE** for failure to state a claim under 28 U.S.C. § 1915(e)(2)(B)(ii), with leave to amend.

3. Plaintiff may file a complete amended complaint within **thirty (30) days** after entry of this Order. The amended complaint must identify the proper defendant, set forth facts supporting each claim, include a demand for relief, and bear this case number.

4. If Plaintiff does not timely file an amended complaint, the Court may dismiss this action without further notice.

5. The Court will review any amended complaint under 28 U.S.C. § 1915(e)(2) before directing service. No summons shall issue at this time.

DATED: November 23, 2026

Amanda K. Brailsford

Amanda K. Brailsford
U.S. District Court Judge